**This order is SIGNED.**

**Dated: August 27, 2015**

/s/ J T Marker

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



*Prepared and Submitted by:*

George Hofmann (10005)
Benjamin J. Kotter (9592)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
Email: ghofmann@cohnekinghorn.com
       bkotter@cohnekinghorn.com

*Attorneys for the Debtor DGS Store Fixtures, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| In re | Bankruptcy Case No. 14-31080 |
|---|---|
| **DGS STORE FIXTURES, INC.** | Chapter 11 |
| Debtor. | Honorable Joel T. Marker |

### FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
### OF DEBTOR'S PLAN OF LIQUIDATION UNDER CHAPTER 11

This matter came before the Court on August 27, 2015 at 2:00 p.m. (the

"Confirmation Hearing") to consider confirmation of the plan under chapter 11 of the

Bankruptcy Code dated February 17, 2015 [Docket No. 115] (the "Plan") filed by DGS

{00243476.DOCX /}

Store Fixtures, Inc., debtor-in-possession (the "Debtor"). George B. Hofmann and Benjamin J. Kotter appeared on behalf of the Debtor. Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the Debtor's *Memorandum of Law in Support of Confirmation of Debtor's Plan of Liquidation* [Docket No. 202] other papers filed concerning the Plan [*e.g.*, Docket Nos. 174, 192, 203, and 204], the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries, all transcripts of hearings, and all of the evidence received and

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. Pro. 7052.
[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

arguments made at the hearings held before the Court during the pendency of the Bankruptcy Case.

C. <u>Transmittal and Mailing of Materials; Notice</u>. All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D. <u>Solicitation</u>. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

E. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

---

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

F.    <u>Creditors' Acceptance of Plan</u>.  The Plan establishes five (5) Classes of Claims and one Class of Interests.  Class 4 (General Unsecured Claims) and Class 6 (Subordinated Claims) have voted to accept the Plan.  Class 5 (Equity Interests) are cancelled under the Plan.  As such, although Class 5 did not vote, it is deemed to reject the Plan.  Class 1 (Priority Claims) is unimpaired under the Plan and is presumed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.  Class 2 (Santander Bank) is impaired under the Plan, but Santander Bank shall neither receive nor retain any property under the Plan and is deemed to have rejected the Plan and is not entitled to vote to accept or reject the Plan.

G.    <u>Plan Complies with Bankruptcy Code</u>.  The Plan, as supplemented and modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

i.    <u>Proper Classification</u>.  The Claims and Interests placed in each Class are substantially similar to other Claims in each such Class.  The Plan properly classifies Claims.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Plan, the Plan designates various separate Classes of Claims and Interests based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims and/or the Holders of Interests.  Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

      ii.      <u>Specify Unimpaired Classes</u>.  Classes 1 and 3 are designated as unimpaired Classes under the Plan.  Thus, § 1123(a)(2) is satisfied.

      iii.      <u>Specify Treatment of Impaired Classes</u>.  Classes 2, 4, 5, and 6 are designated as impaired under the Plan.  Article IV of the Plan specifies the treatment of the impaired Classes of Claims and Interests, thereby satisfying § 1123(a)(3).

      iv.      <u>No Discrimination</u>.  The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such Claim or Interest, thereby satisfying § 1123(a)(4).

      v.      <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).  Among other things, Articles V and VI of the Plan provide for (a) the creation of the Liquidating Trust and the appointment of the Liquidating Trustee, (b) the vesting of the property of the Debtor and its Estate in the Liquidating Trust, (c) the orderly liquidation of the remaining properties and assets of the Debtor by the Liquidating Trustee, (d) cash distributions to the holders of Claims, and (e) the potential for objections to Claims and resolution of objections through estimation, settlement or judicial determination.

      vi.      <u>Corporate Charter Provision Inapplicable</u>.  Section 1123(a)(6) is not applicable.  Class 5 Equity Interests are cancelled under the Plan.  Further, the

"Reorganized Debtor" will be a Liquidating Trust managed by the Liquidating Trustee.

    vii.    <u>Selection of Post-Confirmation Managers</u>.  The identity and affiliations of the Liquidating Trustee are disclosed in the Disclosure Statement and the Plan.  Further, provisions in the Plan regarding the appointment of the initial Liquidating Trustee and providing for the appointment of his replacement, if necessary (including the appointment of a substitute liquidating trustee to prosecute claims against insiders of the Debtor), are consistent with the interests of Creditors and with public policy.  Thus, § 1123(a)(7) is satisfied.

    viii.    <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, and (b) the retention and future enforcement by the Liquidating Trust of claims under chapter 5 and applicable non-bankruptcy law.  As such, the requirements of § 1123(b) are satisfied.

    ix.    <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

H.    <u>The Plan and its Proponent Comply with the Bankruptcy Code</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code.  Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code.  Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

    i.    The Debtor is a proper proponent of the Plan under § 1121(c).

ii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I. <u>Plan Proposed in Good Faith</u>.  The Plan is proposed in good faith and not by any means forbidden by law and, therefore, complies with the requirements of § 1129(a)(3).  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan.

J. <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

K. <u>Managers of the Reorganized Debtor</u>.  The Plan and the Disclosure Statement identify Peter Stevens as the initial Liquidating Trustee and disclose the nature of his compensation.  The service of the Liquidating Trustee is consistent with the interests of the holders of Claims and with public policy.  Therefore, the requirements of § 1129(a)(5) are satisfied.

L. <u>No Rate Changes</u>.  The Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M. <u>Best Interests of Creditors Test</u>. The Plan satisfies § 1129(a)(7) with respect to all Classes of Claims and Interests. Class 4 (General Unsecured Claims) and Class 6 (Subordinated Claims) have accepted the Plan. As such, § 1129(a)(7)(A)(i) is satisfied. Class 2 (Santander Bank) will not receive or retain any property under the Plan. Class 5 Equity Interests are cancelled under the Plan and, therefore, are deemed to reject the Plan. The holders of Equity Interests, however, would not receive any distribution in a chapter 7 liquidation. As such, the holders of Class 5 Interests "will receive or retain under the [P]lan … not less than the amount that such holder would so receive or retain if the [D]ebtor were liquidated under chapter 7 of [the Bankruptcy Code] …." Thus, § 1129(a)(7)(A)(ii) is satisfied as to Class 5 Equity Interests.

N. <u>Acceptance by Certain Classes</u>. Classes 4 and 6 have accepted the Plan, as noted above, thereby satisfying § 1129(a)(8) as to all impaired Classes of Claims entitled to vote on the Plan. The rejecting classes are Class 2 (Santander Bank) and Class 5 (Equity Interests), non-voting Classes deemed to reject the Plan because Santander Bank will not receive or retain any property under the Plan and all Equity Interests are cancelled under the Plan.

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

P. <u>Acceptance by at Least One Impaired Class</u>.  Classes 4 and 6 have accepted the Plan, and the acceptance of at least one of such accepting impaired Class (Class 4) has been determined without including the votes of any insiders, thus satisfying § 1129(a)(10).

Q. <u>Feasibility</u>.  The Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor, excepting the liquidation specifically contemplated under the Plan.  The Plan offers a reasonable prospect of success and is workable.  The Plan contemplates full payment of the principal amount of the holders of Priority Claims in Class 1 from cash on hand as of the date of the Confirmation Hearing.  The Plan contemplates a partial payment of Class 4 claims from cash on hand as of the Effective Date, as augmented by any future recoveries by the Liquidating Trust.  Indeed, the Plan contemplates the orderly liquidation of the Debtor's remaining assets by the Liquidating Trustee, for the purpose of funding additional payments and distributions under the Plan.  In summary, the evidence shows that the Plan offers a reasonable prospect of success, and is workable.  As such, the requirements of section 1129(a)(11) are satisfied.

R. <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid, or will be paid on or before the Effective Date, pursuant to Section 2.2(b) of the Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>.  The Plan complies with § 1129(a)(13) because the Debtor is not obligated to pay any retiree benefits subject to § 1114.

T.  <u>No Domestic Support Obligations</u>.  The Debtor does not have any domestic support obligations.  Therefore, § 1129(a)(14) is not applicable.

U.  <u>Not an Individual</u>.  The Debtor is not an individual.  As such § 1129(a)(15) is not applicable.

V.  <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W.  <u>Fair and Equitable; No Unfair Discrimination</u>.  Class 1 (Priority Claims), Class 4 (General Unsecured Claims) and Class 6 (Subordinated Claims) have voted to accept, or are deemed to have accepted, the Plan.  As such, compliance with § 1129(b) is not required as to such accepting Classes.  Class 2 (Santander Bank) and Class 5 (Equity Interests) are deemed to reject the Plan.  Nevertheless, the Plan does not discriminate unfairly, and is fair and equitable, with respect to Class 2 and Class 5.  Further, even as to the accepting Classes, the Plan does not discriminate unfairly, and is fair and equitable.

   i.  *Class 1 – Priority Claims.*  Class 1 is presumed to accept the Plan.  As such, the cram down requirements under § 1129(b)(1) and (b)(2)(B) are not applicable.  In any event, the "absolute priority rule" is satisfied as to Class 1.  Indeed, the Plan provides for payment in full of the principal amount of Class 1 Claims before any distribution to the holders of subordinate claims.

  ii. *Class 2 – Santander Bank*.  Class 2 consists of the Claims of Santander Bank but Santander Bank shall neither receive nor retain any property under the Plan having released its claims against the Debtor in connection with the sale of substantially all the Debtor's remaining assets in accordance with the *Stipulated Order (A) Authorizing the Sale of the Debtor's Remaining Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 159] (the "Sale Order").  As of the Petition Date, the Debtor's only secured claim was Santander Bank.  Pursuant to the Sale Order, DGS Import, Inc. (the "Buyer" under the Purchase Agreement) assumed the Debtor's entire obligation owing to Santander Bank and Santander Bank does not claim any interest in any remaining assets of the Debtor, including the $150,000 in sale proceeds.  Accordingly, Santander Bank shall neither receiver nor retain any property under the Plan.  Santander Bank is deemed to have rejected the Plan.

  iii. *Class 3 – Miscellaneous Secured Claims*.  No Class 3 Claims were filed and no Class 3 Claim ballots were received by the Debtor.  Other than the secured claim of Santander Bank, the Debtor is unaware of any other secured claims.

  iv. *Class 4 – General Unsecured Claims.*  Class 4 affirmatively voted to accept the Plan.  Because it is not a "dissenting class," the cram down requirements under § 1129(b)(1) and (b)(2)(B) do not apply.  Even if they did, however, the "absolute priority rule" is satisfied as to Class 4.  Specifically, the

Plan provides for payment in full of the principal amount of Class 4 Claims before any distribution to any other subordinate claim or interest.

  v. *Class 5 – Equity Interests.*  As required under section 1129(b)(2)(C)(ii), "the holder of any interest that is junior to the interests of [Class 5] will not receive or retain under the [P]lan on account of such junior interest any property."  Indeed, there are no interests junior to Class 5 Equity Interests.

  vi. *Class 6 – Subordinated Claims*.  Class 6 affirmatively voted to accept the Plan.  Because it is not a "dissenting class," the cram down requirements under § 1129(b)(1) and (b)(2)(B) do not apply.  Even if they did, however, the "absolute priority rule" is satisfied as to Class 6.  Specifically, the Plan provides for payment in full of Allowed Claims having a greater priority in distribution before any distribution to any subordinate claim or interest.

X. <u>No Other Plan.</u>  No other chapter 11 plan is pending before the Court in this Bankruptcy Case and no other plan has been, or will be, confirmed in this Case.  As such, the requirements of § 1129(c) are satisfied.

Y. <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Plan satisfies the requirements of § 1129(d).

Z. <u>Not a Small Business Case</u>.  This is not a small business case.  As such, § 1129(e) is not applicable.

AA. The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

BB. In summary, the Confirmed Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

------------------------------------ END OF DOCUMENT ------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S PLAN OF LIQUIDATION UNDER CHAPTER 11** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- **Troy J. Aramburu**   taramburu@swlaw.com, rmaxwell@swlaw.com;docket_slc@swlaw.com
- **Brian R. Barnhill**   brian@oblawpc.com
- **Darwin H. Bingham**   dbingham@scalleyreading.net, cat@scalleyreading.net
- **Scott S Bridge**   sbridge@keslerrust.com
- **James Vincent Cameron tr**   Vince.Cameron@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- **T. Edward Cundick**   tec@princeyeates.com, docket@princeyeates.com;pam@princeyeates.com
- **Blakely Denny**   bdenny@swlaw.com
- **Bertin C. Emmons**   bemmons@santander.us
- **Andrew V. Hardenbrook**   ahardenbrook@swlaw.com, jpollard@swlaw.com;docket_slc@swlaw.com
- **George B. Hofmann**   ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com;jthorsen@cohnekinghorn.com
- **Benjamin J. Kotter**   bkotter@cohnekinghorn.com, jdannenmueller@cohnekinghorn.com
- **John S. Larsen**   john@larsenlegalutah.com
- **Steven J. McCardell**   smccardell@djplaw.com, khughes@djplaw.com
- **Adam H Reiser**   areiser@cohnekinghorn.com
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **David R. Williams**   dwilliams@wklawpc.com, kmacrae@wklawpc.com
- **Brock N. Worthen**   bworthen@swlaw.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

**Brock N. Worthen**
Flagship Financial Group, LLC
3130 West Maple Loop Drive, Suite 200
Lehi, UT 84043

/s/ Benjamin J. Kotter